# NO. 12-24-00301-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: COURTNEY WARREN,* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Courtney B. Warren, an attorney acting pro se, filed this original proceeding to challenge various actions taken by Respondent.[1] On October 16, 2024, the Clerk of this Court informed Relator that her petition fails to comply with appellate Rule 52.7. *See* TEX. R. APP. P. 52.7 (record). The notice warned that the petition would be referred to this Court for dismissal unless Relator provided the record on or before October 21. This deadline expired without a response from Relator.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish a claim for mandamus relief. *See* TEX. R. APP. P. 52. The petition must contain certain items, including an appendix. *See* TEX. R. APP. P. 52.3. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of her petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to her claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding,

---

[1] Respondent is the Honorable Taylor B. Heaton, Judge of the 475th District Court in Smith County, Texas. The State of Texas and Vincente Zavaleta are the Real Parties in Interest.

including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tᴇx. R. Aᴘᴘ. P. 52.7(a).

It is a relator's burden to provide this Court with a record sufficient to establish the right to mandamus relief. *See **In re Mack***, No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.–Tyler July 10, 2019, orig. proceeding) (mem. op.); ***In re Daisy***, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to mandamus relief. Because Relator's petition fails to comply with the appellate rules, nothing is presented for this Court to review. Therefore, we ***deny*** the petition for writ of mandamus.[2]

Opinion delivered October 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] This is the second original proceeding Relator filed, which has been dismissed for failure to comply with Rule 52.7. *See **In re Warren***, No. 12-24-00235-CV, 2024 WL 3616471 (Tex. App.—Tyler July 31, 2024, orig. proceeding) (per curiam) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-24-00301-CR**

**COURTNEY WARREN,**
Relator
V.

**HON. JUDGE TAYLOR B. HEATON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Courtney Warren; who is the relator in appellate cause number 12-24-00301-CR and counsel to the defendant in trial court cause numbers 475-1501-23 & 475-0487-24, pending on the docket of the 475th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on October 16, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*